**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GEMINI TRUST COMPANY, LLC,** | |
| **Petitioner,** | |
| v. | **Civil Action No. 24-mc-19 (RC)** |
| | <u>**Under Seal**</u> |
| **FINANCIAL CRIMES ENFORCEMENT NETWORK,** | |
| **Respondent.** | |
| **COMMODITY FUTURES TRADING COMMISSION,** | |
| **Plaintiff,** | |
| v. | *Underlying Action*: |
| | **22-cv-4563-AKH (S.D.N.Y.)** |
| **GEMINI TRUST COMPANY, LLC,** | |
| **Defendant.** | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

The Commodity Futures Trading Commission brought an action against Petitioner Gemini Trust Company, LLC, in the Southern District of New York last year, alleging that Gemini violated the Commodity Exchange Act, 7 U.S.C. § 9(2), by not disclosing, *inter alia*, information about a scheme by two Gemini customers to earn rebates by engaging in coordinated trading on its exchange.  See <u>CFTC v. Gemini Trust Company, LLC</u>, ECF No. 1 (CFTC Compl.), No. 22-4563 (June 2, 2022 S.D.N.Y.).  Gemini's defense?  It <u>did</u> disclose the trading activity by filing a suspicious activity report (SAR) with Respondent Financial Crimes

1

Enforcement Network.  See ECF No. 1 (Mot. to Compel) at 1.  For over a year, Gemini has been

seeking production of that SAR and related documents, including by serving on FinCEN a

subpoena *duces tecum* dated December 6, 2023.  Id.  Yet FinCEN has rebuffed those efforts,

citing the "SAR privilege" created by the Bank Secrecy Act, 31 U.S.C. § 5318(g)(2)(A)(i)–(ii).

Id. at 1–2.

Gemini has now brought a miscellaneous action here, seeking to compel FinCEN to

produce the documents responsive to the subpoena.  Id.  Although Petitioner disputes that the

BSA precludes production of those documents, it has moved to proceed under seal on the ground

that the BSA supports keeping the Motion to Compel and supporting documents sealed from the

public.  See ECF No. 2 (Mot. to Seal) at 4.  Before the United States District Judge to whom this

case is randomly assigned can decide whether to compel Respondent to produce the documents

in question, this Court must rule on Gemini's concomitant Motion for Leave to File Under Seal.

Because Petitioner does not satisfy the high bar for such a request, the Court will deny its

Motion, subject to any further consideration by the assigned judge.  See LCvR 40.7(f) (providing

that Chief Judge shall "hear and determine . . . motions in any case not already assigned,"

including "motion[s] to seal the complaint"); LCvR 5.1(h)(1) ("Absent statutory authority, no

case or document may be sealed without an order from the Court.").

I.      **Legal Standard**

Generally, a plaintiff or petitioner must identify the parties and file on the public docket.

See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal

court records is a strong presumption in favor of public access to judicial proceedings."

Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l

Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this

presumption and seal court records, courts generally engage in the six-factor inquiry described in

United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980), to determine whether the party has met

its burden.  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II.    Analysis

Unlike the typical sealing movant, Gemini does not contend that the Hubbard factors

support its cause.  Instead, it argues that the BSA displaces the common-law right of access and

"sustain[s] the parties' interests" in sealing the Motion to Compel and supporting documents

here.  See Mot. to Seal at 3–4.  Although promising at first blush, this argument is ultimately

unavailing.

Petitioner is correct that the common-law inquiry under Hubbard "must yield 'when

Congress has spoken directly to the issue at hand.'"  In re Leopold to Unseal Certain Elec.

Surveillance Applications & Ords., 964 F.3d 1121, 1129 (D.C. Cir. 2020) (quoting Metlife, Inc.

v. Fin. Stability Oversight Council, 865 F.3d 661, 669 (D.C. Cir. 2017)).  For example, the D.C.

Circuit has concluded that Federal Rule of Criminal Procedure 6(e)(6), which protects certain

materials related to grand-jury proceedings, "expressly directs secrecy as the default position,

and thus displaces the common-law right of access" where it applies.  In re Leopold, 964 F.3d at

1130 (cleaned up).  With respect to the Freedom of Information Act, the Circuit has similarly

reasoned that "the common law right of access is preempted" because "[i]t would make no sense

for Congress to have enacted the balanced scheme of disclosure and exemption, and for the court

to carefully apply that statutory scheme, and then to turn and determine that the statute had no

effect on a preexisting common law right of access."  Ctr. for Nat'l Sec. Stud. v. DOJ, 331 F.3d

918, 937 (D.C. Cir. 2003).

Relying on that line of cases, Petitioner posits that the BSA — like FOIA — "'provide[s]

a carefully calibrated statutory scheme, balancing the benefits and harms of disclosure,' and

similarly 'preempts any preexisting common law right' of public access."  Mot. to Seal at 4–5

(quoting Ctr. for Nat'l Sec. Stud., 331 F.3d at 937).  In particular, Gemini focuses on BSA's

notification provision, which generally prohibits financial institutions and governmental officers

from "disclos[ing] to any person involved in [a reported] transaction that the transaction has been

reported, or otherwise reveal[ing] any information that would reveal that the transaction has been

reported."  Id. at 4 (quoting 31 U.S.C. § 5318(g)(2)(A)(i)–(ii)).  And Petitioner relies on the fact

that SARs "are exempt from search and disclosure under [FOIA], and may not be disclosed

under any State, local, tribal, or territorial 'freedom of information', 'open government', or

similar law."  Id. at 4 (quoting 31 U.S.C. § 5319).  Because "Congress plainly intended to

foreclose the general public from accessing the [s]ubpoenaed [d]ocuments," its argument goes,

"the Court should seal Gemini's Motion to Compel and its accompanying materials."  Id. at 5.

That argument cannot carry the day for two reasons.  First, Congress has not "spoken

directly to the issue at hand" in the BSA.  In re Leopold, 964 F.3d at 1129 (cleaned up).  The

BSA's notification provision does not "mention sealing at all," let alone "specif[y] a standard for

sealing" that "is different from the interests balanced in the Hubbard test."  Id.; see id. (rejecting

argument that Stored Communications Act displaces Hubbard test because statute "does not

require . . . sealing" or "mention sealing at all") (cleaned up); id. at 1130 (similar for Pen

4

Register Act because statute "[does] not specify a standard"); cf. id. at 1130 (noting, by contrast, that Federal Rule of Criminal Procedure 6(e)(6) explicitly states that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal" and provides "a standard for sealing" — i.e., "to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury"). The fact that the BSA exempts SARs from disclosure under FOIA also does not indicate that it displaces the Hubbard inquiry. Cf. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1185 (9th Cir. 2006) (showing that a document "would be exempt from disclosure under [FOIA]" does not "suffice to show . . . that [it] merits sealing") (citing Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1344 (D.C. Cir. 1984)).

Nor does the BSA constitute "a specific statutory scheme regarding public access" to the information in the Motion to Compel and supporting documents "that involves [a body other than the federal courts] considering the material and determining whether public release is appropriate." Leopold v. Manger, 630 F. Supp. 3d 71, 82 (D.D.C. 2022) ("As far as 'security information' [as defined in 2 U.S.C. § 1979(a)] is concerned, . . . Congress has crafted a specific statutory scheme regarding public access that involves the [United States Capitol Police] Board and others considering the material and determining whether public release is appropriate — not the federal courts applying the common law test for the right of public access."). Indeed, accepting Petitioner's position would mean sealing BSA-covered information indefinitely and without exception, given that the BSA offers no alternative standard to Hubbard. Cf. Metlife, Inc., 865 F.3d at 674 (rejecting argument that Dodd-Frank Act displaces Hubbard test and noting that, if it did, sealing of covered information in judicial opinion "would be categorical: redaction would be mandatory, without the balancing contemplated by Hubbard, and without regard for

how central the redacted material is to explaining the opinion's rationale").  Gemini, accordingly, has not established that the BSA displaces the <u>Hubbard</u> analysis.

Second, even if Petitioner had established that the BSA displaces the <u>Hubbard</u> test with respect to covered information — *i.e.*, information that "disclose[s] to any person involved in [a reported] transaction that the transaction has been reported, or otherwise reveal[s] any information that would reveal that the transaction has been reported," 31 U.S.C. § 5318(g)(2)(A)(i)–(ii) — Gemini would still face a problem: its argument would only seem to justify the sealing of such covered information, not the sealing of the Motion to Compel and its attachments — totaling 266 pages — in their entirety.  <u>Cf.</u> <u>DeSimone v. Office of the Inspector General</u>, ECF No. 6 at 5, No. 24-221 (D.D.C. Jan. 26, 2024) (denying sealing motion, even though one exhibit contained private information, where plaintiff did not "propose redacting only that information" or "explain why the presence of such information in one exhibit warrant[ed] sealing" materials "in their <u>entirety</u>").  Gemini, for its part, offers neither an argument that redactions are impracticable nor an explanation of why the presence of some BSA-covered information warrants full sealing.  It does not, for example, explain why Exhibit 11, a copy of the complaint that the CFTC filed in the action pending before the Southern District of New York, <u>see</u> ECF No. 1-13 (Copy of CFTC Compl.), would need to be under seal here even though it appears publicly on that docket.

The Court therefore cannot conclude at this juncture that sealing the Motion to Compel and supporting documents in full is warranted by any BSA privilege.  Because Gemini offers no argument regarding the <u>Hubbard</u> factors, moreover, it has necessarily not met its burden to demonstrate that sealing is warranted under those factors, either.  The Court will, accordingly, deny the Motion.  Petitioner will have the opportunity to proceed on the public docket, if it so

chooses, and to seek leave from the assigned judge to seal portions of filings — including the Motion to Compel and supporting documents — or to seal certain future filings.

**III.    Conclusion**

The Court accordingly ORDERS that:

1.  Petitioner's [2] Motion for Leave to File Under Seal is DENIED; and

2.  If Petitioner seeks to proceed, it must inform the Clerk's Office that it agrees to unsealing the case docket itself, in which case the [1] Motion to Compel and [2] Motion for Leave to File Under Seal would remain sealed such that Petitioner could seek leave from the assigned judge to file redacted versions on the public docket.

/s/ *Rudolph Contreras*
RUDOLPH CONTRERAS
Acting Chief Judge

Date:  February 16, 2024